IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| Samuel Harviley, III, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) | Case No. 24-cv-1255 |
|  | ) |  |
| v. | ) |  |
|  | ) | Honorable Colleen R. Lawless |
| Cody Shepard, *et al.,* | ) |  |
|  | ) | JURY DEMAND |
| Defendants. | ) |  |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

NOW COME the Defendants, Blake Gish, Paulino Gomez, Douglas Hamilton, Grant Kolthoff, Joseph Meade, and Cody Shepard, by and through their attorney, KWAME RAOUL, Illinois Attorney General, and for their Answer and Affirmative Defenses to Plaintiff's Complaint, Dkt. #1, pursuant to the Court's January 6, 2025, Merit Review Order, Dkt. #14, state as follows:

### ALLEGATIONS ENUMERATED IN
### THE COURT'S ORDER DATED JANUARY 6, 2025[1]

1.  Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court found that Plaintiff states an Eighth Amendment claim for deliberate indifference to a serious medical need against Defendants Gomez, Kolthoff, Mead, and Shepard.

---

[1] Pursuant to Local Rule 16.3, the claims and issues will be limited to those identified in the Court's Merit Review Order.

ANSWER: Defendants admit that Plaintiff's Complaint states a claim under 42 U. S. C. § 1983, but deny that any violation of Plaintiff's Eighth Amendment rights or any other constitutional rights occurred.

2. The Court also found that Plaintiff states an Eighth Amendment claim for excessive force against Defendants Gish and Hamilton.

ANSWER: Defendants admit that Plaintiff's Complaint states a claim under 42 U. S. C. § 1983, but deny that any violation of Plaintiff's Eighth Amendment rights or any other constitutional rights occurred.

## RELIEF REQUESTED

Defendants deny that Plaintiff is entitled to the relief sought in his Complaint and deny that Plaintiff is entitled to any relief whatsoever.

## JURY DEMAND

Defendants demand a trial by jury on all triable issues in this matter.

## AFFIRMATIVE DEFENSES

1. **Qualified Immunity**

At all times relevant herein, Defendants acted in good faith in the performance of their official duties and without violating Plaintiff's clearly established statutory or Constitutional rights, of which a reasonable person would have known. Defendants are therefore protected from suit by the doctrine of qualified immunity.

2. **Sovereign Immunity**

To the extent that Plaintiff has alleged claims against Defendants in their official capacity for monetary damages, those claims are barred by the Eleventh

Amendment. Furthermore, to the extent that Plaintiff is suing Defendants for injunctive relief that is not intended to address ongoing constitutional violations, his claims are barred by the Eleventh Amendment and sovereign immunity.

3. **Exhaustion of Administrative Remedies**

Plaintiff has not fully and properly exhausted his administrative remedies, which were available to him before bringing this suit, as required by 42 U.S.C. Section 1997e(a); and therefore, his Complaint should be dismissed. Individuals in custody must demonstrate that their administrative remedies have been fully and properly exhausted. *Woodford v. Ngo*, 548 U.S. 81, 85 (2006). To give corrections officials an opportunity to address complaints internally before a federal suit is initiated, prisoners must exhaust their administrative remedies before they file suit in federal court. 42 U.S.C. § 1997(e)(a); *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002).

4. ***Respondeat Superior***

To the extent that Plaintiff is suing Defendants for actions of a subordinate in which Defendants were not directly involved, such claims are barred because the doctrine of *respondeat superior* is not a basis for liability under 42 U.S.C. § 1983. See *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995).

**WHEREFORE**, Defendants request that this Honorable Court enter judgment in their favor and against Plaintiff.

Dated: April 10, 2025            Respectfully submitted,

                                               By: /s/ Jacob Ferguson
                                               *Attorney for IDOC Defendants*
                                               Jacob Ferguson
                                               Assistant Attorney General

General Law Bureau
1776 E Washington St.
Urbana, Illinois 61802
(217) 278-3330
Jacob.Ferguson@ilag.gov

## CERTIFICATE OF SERVICE

I hereby certify that on April 10, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system. The electronic case filing system sent a "Notice of E-Filing" to those registered and I hereby certify that a true and correct copy of the foregoing was served via regular mail to the following non-CM-ECF participant at the following address:

Samuel Harviley, #M31393
Joliet Treatment Center
2848 W. McDonough
Joliet, IL 60436

/s/ Jacob Ferguson